# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-1735V
Filed: April 10, 2024

| | |
|---|---|
| W.G.,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Special Master Horner |

*William E. Cochran, Jr., Black, McLaren, Jones, Ryland & Griffee, P.C., Memphis, TN, for petitioner.*
*Bridget Corridon, U.S. Department of Justice, Washington, DC, for respondent.*

### ORDER ON MOTION TO REDACT [1]

On November 8, 2015, petitioner initiated this action by filing a claim under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2018).[2]  (ECF No. 1.) On February 9, 2024, a decision issued dismissing this case.  (ECF No. 70.)  Petitioner now moves to redact that decision.  (ECF No. 71.)  For the reasons discussed below, petitioner's motion is **GRANTED in part and DENIED in part.**

### I.  Legal Standard

Vaccine Rule 18(b) effectuates the opportunity for objection contemplated by Section 12(d)(4) of the Vaccine Act, which provides in relevant part that "[a] decision of

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the document will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] All references to "§ 300aa" below refer to the relevant section of the Vaccine Act at 42 U.S.C. § 300aa-10-34.

1

a special master or the court in a proceeding shall be disclosed, except that if the decision is to include information…(ii) which are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy, and if the person who submitted such information objects to such information in the decision, the decision shall be disclosed without such information." § 300-aa-12(d)(4)(B).  The U.S. Court of Appeals for the Federal Circuit has not had occasion to interpret this section of the Vaccine Act.  There are, instead, two competing methods of interpretation endorsed by non-binding precedent.  *See Langland ex rel. M.L. v. Sec'y of Health & Human Servs.*, No. 07-36V, 2011 WL 802695 (Fed. Cl. Spec. Mstr. Feb. 3, 2011); *W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440 (2011).

In *Langland*, the Chief Special Master examined a redaction request pursuant to Section 12(d)(4)(B) in the context of the common law traditions regarding redaction and public access, the E-Government Act, and other provisions of the Vaccine Act favoring public disclosure.  2011 WL 802695, at *5-11.  The Chief Special Master concluded that "the party seeking to seal a document faces a burden to show particularized harm outweighing the public interest in disclosure.  This common law background informs the correct construction of the language in section 12(d)(4)(B)(ii) and militates against routine redaction of all sensitive medical information from special masters' decisions." *Id.* at *8.  Upon review of the redaction request at issue, the Chief Special Master concluded that the request was unsupported and only a redaction of the petitioner's minor child's name to initials and redaction of the child's birthdate was appropriate.  *Id.* at *11.

However, the Chief Special Master also observed that:

One may readily conceive of medical information in a vaccine case that might be redacted by a special master, upon receiving a proper motion in accordance with Vaccine Rule 18(b), as meeting the "clearly unwarranted" criterion.  Facts involving sexual misconduct or dysfunction, family medical history not pertinent to the vaccinee's claim, unrelated mental illness, or medical conditions inherently likely to bring opprobrium upon the sufferer, might well be redacted upon a proper motion.  Such redaction decisions can only be reached on a case-by-case basis.

*Id.* at *9.

Subsequently, in *W.C.*, the Court of Federal Claims reviewed a redaction request in the context of the Freedom of Information Act (FOIA), which the court observed to employ language similar to Section 12(d)(4)(B) of the Vaccine Act.  100 Fed. Cl. at 456-61.  The court focused on the idea that petitioner's request "must be weighed against the government's interest in public disclosure." *Id.* at 461.  Focusing specifically on the identity of the petitioner, the court observed that it is the petitioner's medical history and

adverse vaccine reaction, and not petitioner's own specific identity, that the public has an interest in seeing disclosed.  *Id.*

*W.C.* has been interpreted as providing a more lenient standard for redaction as compared to *Langland.  See, e.g.*, *K.L. v. Sec'y of Health & Human Servs.*, 123 Fed. Cl. 497, 507 (2015) (noting that the Special Master "argued that even when a Special Master follows the lenient standard for redaction set forth in *W.C.*, requests for redaction have been denied because they failed to substantiate the basis for the request.") Nonetheless, special masters do not abuse their discretion by requiring petitioners to affirmatively demonstrate that redaction is justified regardless of which approach is preferred.  *Id.* at 507-08 (finding that the Special Master's requirement that petitioner provide "sufficient cause to justify redaction" is not contrary to the Vaccine Act or prior precedent and explaining that "[e]ach Special Master must review every case and exercise his or her discretion, given the specific facts presented in that particular case.")

Some petitioners move for redaction of their case captions to initials based on concerns about present and future employment relationships and opportunities.  For example, in *Krupp v. Sec'y of Health and Human Servs.*, petitioner, a science writer, expressed concern that the fact of her vaccine injury claim would cause her to be perceived as anti-vaccine, which she feared would be viewed poorly by her colleagues. No. 19-1501V, 2023 WL 9503417 (Fed. Cl. Spec. Mstr.Jul. 21, 2023).  I denied the motion to redact after finding no professional connection to vaccines specifically and no inflammatory or unusual allegations in the petition.  *Id.* at 4.  Quoting a prior decision, I noted that blanket fear regarding association with the program does not justify redaction and further indicated that "it is not the undersigned's role to become involved in the ordinary management of petitioner's online presence."  *Id.* at 2 (citation omitted).

However, I have also previously found that redaction to initials was justified based on future employment concerns when other factors were also present.  For example, in *A.T.* the petitioner's identity had initially been protected because she was a minor at the time of filing and the nature of the condition itself (narcolepsy) and her early life stage appeared especially likely to hamper future prospects.  *A.T. v. Sec'y of Health & Human Servs.*, No. 16-393V, 2022 WL 819583 at *2 (Fed. Cl. Spec. Mstr. Jan. 13, 2022).  *See also C.F. v. Sec'y of Health and Human Servs.*, No. 15-731V, 2023 WL 2583513 (Fed. Cl. Spec. Mstr. Feb. 24, 2023) (granting motion to redact based on similarity to *A.T.* as well as discussion within the decision of mental health care).  Other Special Masters have been willing to grant motions to redact where a petitioner expressed concern that disclosure of their medical information would lead to fewer opportunities for career growth due to perceived health limitations that would otherwise remain private.  *See E.M.* v. Sec'y *of Health and Human Servs.*, No. 14-753V, 2021 WL 3702229 (Fed. Cl. Spec. Mstr. Aug. 6, 2021); *A.F. v. Sec'y of Health and Human Servs.*, No. 19-0446V, 2023 WL 2387810 (Fed. Cl. Spec. Mstr. Mar. 7, 2023).

## II. Party Contentions

In his motion, petitioner explains that the decision dismissing his case has a lengthy discussion of his medical history, including the details of his alleged vaccine injury and other chronic, unrelated conditions, some of which can be considered debilitating. (ECF No. 71, p. 2.) He asserts that he is currently employed as a courier for a laboratory company, which is a physically demanding job given that it involves urgent deliveries. (*Id.* at 2-3.) He therefore asserts that he has presented specific facts from within the decision that would otherwise remain private that are likely to meaningfully affect his employment. (*Id.* at 3.) He argues that this justifies the redaction of the caption to reflect only his initials as well as redaction of the names of his treating physicians. (*Id.*) In contrast, he argues the government has no interest in public disclosure of these details. (*Id.*)

In response to petitioner's motion, respondent provided a recitation of the relevant case law, namely a comparison of the above-discussed *Langland* and *W.C.* cases. (ECF No. 72, pp. 2-4.) However, citing the language of the Vaccine Act indicating that decision of special masters "shall be disclosed" (§ 300-aa-12(d)(4)(B)), respondent stresses that "when petitioners file petitions requesting compensation under the Act, they do so with knowledge that the Act calls for decisions addressing the merits of the petitions, which will necessarily contain their medical information and will be made available to the public." (*Id.* at 4.) Respondent continues:

> Congress's requirement that decisions of special masters "shall be disclosed" is evidence that Congress recognized the public's interest in understanding the bases for the special masters' adjudication of the merits of these claims. Respondent likewise acknowledges that there is a privacy interest inherent in all medical information. Yet, the Vaccine Act's use of the term "clearly unwarranted invasion of privacy" to define which information is suitable for redaction requires a petitioner to show some additional privacy interest to justify redaction of a decision. Without such a showing, redaction is not appropriate.

(*Id.*)

Nonetheless, respondent "defers to the sound discretion of the Special Master to determine which remedy strikes the appropriate balance between the public and private interests in this instance." (ECF No. 72, p. 5.) "Respondent does not believe it is appropriate to advocate in favor of disclosure of petitioner's information in any particular case, including this one, but rather defers to the Special Master's judgment as to whether petitioner's Motion should be granted, applying the analytical framework discussed above." (*Id.*) Respondent does contend, however, that "[t]here is also a significant Program interest in not having every case caption reduced to initials. This would make the administration of the Program unmanageable, because the parties and

4

Court rely on citing precedent that is readily accessible and suitably differentiated from other cases in briefing and arguments." (*Id.* at 4.)

Petitioner filed no reply.

### III.     Discussion

In this case petitioner's explanation reasonably supports his redaction request with respect to his own name.  Moreover, consistent with *W.C.*, the redaction of the caption will not interfere with disclosure of the medical information underlying the dismissal decision.  Petitioner indicates that he works in a physically demanding job and credibly asserts that extensive disclosure of his chronic health complaints may hamper his employment in that line of work.  (ECF No. 71, pp. 2-3.)  As explained above, I have previously held that concerns about employment can justify redaction in some circumstances, especially when the nature of the illness is germane.  *See A.T.*, 2022 WL 819583, at *2 *(*granting redaction where petitioner, *inter alia*, persuasively explained that "given her age, life stage, and the nature of her medical condition at issue, disclosure of her condition is especially likely to hamper her future prospects.")  However, once the case caption has been anonymized, petitioner has not advanced any specific argument supporting the notion that further redaction of his physicians' names is also necessary to protect his own identity.  Nor has petitioner articulated any other circumstance or privacy interest that would favor such redaction.

Accordingly, petitioner's motion is **GRANTED in part and DENIED in part**.  All references to petitioner's name in the caption of the February 9, 2024 decision will be redacted.  Additionally, the Clerk of the Court is hereby instructed to change the caption of this case to the caption above.  However, the names of petitioner's treating physicians will not be redacted.

**IT IS SO ORDERED.**

<u>s/Daniel T. Horner</u>
Daniel T. Horner
Special Master
