# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1735V
Filed: November 26, 2024

|  |  |
|---|---|
| W.G.,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Special Master Horner |

*William E. Cochran, Jr.*, Black McLaren Jones Ryland & Griffee, Memphis, TN, for petitioner.
*Bridget Corridon*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

  On November 8, 2018, petitioner filed a petition under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.* (2012) ("Vaccine Act").[2] (ECF No. 1.) Petitioner alleged that he suffered Bell's palsy, hearing loss, and neuropathy, as a result of a September 19, 2017 influenza ("flu") and hepatitis B vaccination. (*Id.*) A decision was issued on February 9, 2024, dismissing the case. (ECF No. 70.) On April 15, 2024, petitioner filed a final motion for attorneys' fees and costs. (ECF No. 76.) Petitioner requests a total of $106,707.10, including $81,280.50 for attorneys' fees and $25,426.60 for costs. (*Id.* at 9.)

  On April 19, 2024, respondent filed a response to petitioner's motion. (ECF No. 77.) Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be to the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

1

and costs." (*Id.* at 1.) Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." (*Id.* at 2.) Respondent requests "that the [c]ourt exercise its discretion and determine a reasonable award for attorneys' fees and costs." (*Id.* at 3.)

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines ex rel. Sevier v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Such applications should not include hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Attorneys' costs must be reasonable as well. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both. Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs."), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).

The undersigned has reviewed the billing records submitted with petitioner's request. (ECF No. 76, Ex. 1.) In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates. The undersigned has also reviewed the cost records submitted with petitioner's request. (ECF No. 76, Exs. 2, 4.) The undersigned finds the costs to be reasonable.

**Accordingly, the undersigned awards a lump sum of $106,707.10 in the form of a check jointly payable to petitioner and petitioner's counsel, William E. Cochran, Jr.**

The clerk of the court shall enter judgment in accordance herewith.[3]

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

2

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master
